UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEITH WILLIAM GRIFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:25-cv-01009-ACL |
| | ) |
| OFFICER UNKNOWN CUMMINGS and | ) |
| PHELPS COUNTY SHERIFF'S OFFICE, | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM AND ORDER</u>**

Self-represented Plaintiff Keith William Griffin brings this civil action for alleged violations of his civil rights against the Phelps County Sheriff's Office and a Phelps County Officer Cummings. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. [Doc. 2]. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee.[1] *See* 28 U.S.C. § 1915(a)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). As a result, Plaintiff's motion for appointment of counsel will be denied as moot.

---

[1] Although Plaintiff was incarcerated at the Boonville Correctional Center when he initiated this suit in July 2025, he informed the Court in September 2025 that he had been released to a halfway house. [Docs. 1 at 2 (Plaintiff's provided address is that of the Boonville Correctional Center), 5]. As such, no initial partial filing fee will be assessed. *See* 28 U.S.C. § 1915(b)(1) (assessing partial filing fees against prisoner-plaintiffs).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."  *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  *Id.* at 679.

## The Complaint and Supplement

Self-represented Plaintiff brings this action under 42 U.S.C. § 1981 and his rights under the "Const[utional] Amendment[s]," including his Due Process Rights, alleging a "deprivation of rights under color of state law." [Doc. 1 at 4-5]; *see also* [Doc. 1-2]. The named defendants are the Phelps County Sheriff's Office and a Phelps County Officer Unknown Cummings. [Doc. 1 at 1-4].

According to the allegations of the Complaint, sometime in 2024, Plaintiff's "trucks" were stolen in Belle, Missouri. [Docs. 1-1 at 1, 1 at 6]. Plaintiff was in prison at the time, but he determined that the stolen vehicles were located on a property in Phelps County, Missouri. Plaintiff's sister went to the Department of Motor Vehicles to acquire copies of the titles for the stolen vehicles, since Plaintiff's original titles had also been stolen. Plaintiff executed Power of Attorney documents granting his sister the right to collect the stolen vehicles for him since he was incarcerated. However, when Plaintiff's sister went to Phelps County property and began loading the stolen vehicles onto a trailer, the police were called. Phelps County Officer Cummings was dispatched to the property to discuss the issue with Plaintiff's sister and the property owner. Plaintiff alleges that his sister showed Cummings the titles and Power of Attorney documents, but that Cummings told Plaintiff's sister that there was a Bill of Sale from Plaintiff's ex-wife regarding the transfer of the vehicles. Cummings informed Plaintiff's sister that since there was a Bill of Sale, this was a civil matter between the interested parties and not a criminal matter for the police. Furthermore, he warned Plaintiff's sister that if she tried to remove the vehicles from the property, she would be arrested. [*Id.*]

On September 29, 2025, Plaintiff filed a copy of the police report from the incident at issue in the Complaint, as a supplement in this matter.[2] [Doc. 7]. According to the report, written by Phelps County Officer Austin Cummings, on February 9, 2024, he responded to a call for police to a property located in St. James, Missouri. [*Id.* at 1]. Upon arriving to the property, Cummings spoke with the property owner who informed him that the allegedly stolen vehicles belonged to his son. He stated that his son had purchased them from Plaintiff's wife. The property owner further stated that his son had Bills of Sales for the vehicles. Cummings ran the vehicles through some computer databases, and they were not flagged as having been reported as stolen. When Plaintiff's sister was informed of this information and asked if she had any paperwork on the vehicles, according to Cummings, she was unable to "produce titles for the vehicles to prove ownership." [*Id.* at 1-2]. Cummings then explained to Plaintiff's sister that she could not take the vehicles off the property.

For relief in this matter, Plaintiff seeks $300,000 for damages and pain and suffering. [Doc. 1 at 4, 6-7].

**Plaintiff's Related Case in this Court**

On the 'Original Filing Form' filed with the Complaint in this matter, Plaintiff states that this case is related to another case that he has pending in this Court, case no. 4:25-cv-440-JAR. [Doc. 1-3]. According to an independent review of Court records, Plaintiff's other pending civil case names different defendants, but is based on the same nucleus of facts. *See Griffin v. Pankey*, No. 4:25-cv-00440-JAR, Doc. 1 (E.D. Mo. filed Apr. 3, 2025). That case was brought against the City of Belle Police Department, the property owner of the property where the vehicles were found, the property owner's son who allegedly bought the vehicles, and Plaintiff's

---

[2] The Court will treat this supplement as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

4

ex-wife who allegedly sold the vehicles.  Plaintiff seeks $30,000 in damages for the alleged theft of his vehicles.  *Id.*  As of the date of this Order, the case is still pending with the Court.

## Discussion

After careful review and liberal construction of the pleadings, the Court finds this case must be dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

Self-represented Plaintiff states that he brings this action under 42 U.S.C. § 1981 for an alleged "deprivation of [his] rights under color of state law." [Doc. 1 at 5].  Section 1981 guarantees that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts ... as is enjoyed by white citizens."  42 U.S.C. § 1981(a).  According to the United States Supreme Court, § 1981 "affords a federal remedy against discrimination in private employment on the basis of race." *Runyon v. McCrary*, 427 U.S. 160, 172 (1976).  Because Plaintiff's case does not involve allegations of racial discrimination in employment, § 1981 is not applicable here.

Instead, the Court believes that Plaintiff intends to bring this action under 42 U.S.C. § 1983.  Section 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978).  Furthermore, the United States Supreme Court has explained that "[c]onstitutional rights do not typically come with a built-in cause of action to allow for private enforcement in courts. … Instead, constitutional rights are generally … asserted offensively pursuant to an independent cause of action designed for that purpose, see, *e.g.*, 42 U.S.C. § 1983." *DeVillier v. Texas*, 601 U.S. 285, 291 (2024).  As such, to the extent Plaintiff seeks relief based on his Due Process rights and/or his rights under "Const[itutional] Amendment[s] … 5, 11, [and] 14th," for purposes of analysis, the Court will liberally construe these claims as being brought under 42 U.S.C. § 1983.  *See also*

*Wax 'n Works v. City of St. Paul*, 213 F.3d 1016, 1019 (8th Cir. 2000) (holding that a Fourteenth Amendment due process claim should be structurally treated as a claim brought for relief under 42 U.S.C. § 1983, since a claim may not be brought directly under the Fourteenth Amendment).

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In this case, Plaintiff's Complaint does not provide factual assertions establishing that either Defendant Phelps County Sheriff's Office or Officer Cummings violated his rights.

As to defendant Phelps County Sheriff's Office, jails and local government detention centers—including sheriff's departments—are not suable entities under 42 U.S.C. § 1983. *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (affirming dismissal of § 1983 claim because "county jails are not legal entities amenable to suit."); *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (holding that neither county jail nor sheriff's department is a suable entity under § 1983); *see also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (holding that departments or subdivisions of local government are "not juridical entities suable as such" under § 1983). As such, Plaintiff's Complaint fails to state a valid § 1983 claim as to defendant Phelps County Sheriff's Office.

As to defendant Officer Cummings, Plaintiff seems to assert that Cummings violated his rights by not allowing his sister to recover his allegedly stolen vehicles from private property after a Bill of Sale indicated that Plaintiff's ex-wife had sold the vehicles. These factual allegations do not state a violation of a right secured by the Constitution or laws of the United States. As suggested by Cummings, a dispute over ownership of a motor vehicle is a civil issue. Officer Cummings reported to the scene, listened to the parties involved, reviewed available

paperwork, and checked computer databases for reports on the vehicles. These facts do not establish that Cummings violated any of Plaintiff's rights.

For all of these reasons, Plaintiff's Complaint fails to state a claim against defendants Officer Unknown Cummings and the Phelps County Sheriff's Office. Therefore, this case must be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED** and the filing fee is waived. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the Complaint as to defendants Phelps County Sheriff's Office and Officer Unknown Cummings because the Complaint fails to state a claim upon which relief can be granted. Plaintiff's claims against defendants Phelps County Sheriff's Office and Officer Unknown Cummings are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [Doc. 3] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 16th day of October, 2025.

                                              STEPHEN N. LIMBAUGH, JR.
                                              SENIOR UNITED STATES DISTRICT JUDGE